**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jamie Miller,
Petitioner Below, Petitioner

**v.) No. 23-203** (Calhoun County CC-07-2022-P-12)

Shelby Searls, Superintendent,
Huttonsville Correctional Center,
Respondent Below, Respondent

**MEMORANDUM DECISION**

Petitioner Jamie Miller appeals the January 11, 2023, order of the Circuit Court of Calhoun County denying his petition for post-conviction habeas corpus.[1] On appeal, the petitioner argues actual innocence; the circuit court's jury instruction on murder and verdict form violated due process; his first-degree robbery conviction violated double jeopardy; a defective indictment; his sentence amounted to cruel and unusual punishment; a violation of due process from the State's failure to disclose exculpatory evidence from a crime lab report; and ineffective assistance of trial counsel and appellate counsel. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In May 2018, the petitioner was indicted for first-degree murder, first-degree robbery, third-degree arson, destruction of property, possession of a stolen vehicle, and four counts of conspiracy to commit a felony. At trial, the circuit court dismissed some of these charges, and the charges remaining for the jury's consideration were first-degree murder, first-degree robbery, and one count of conspiracy to commit a felony. The jury convicted the petitioner of first-degree robbery and conspiracy to commit a felony and acquitted him of first-degree murder. The court sentenced him to fifty years of imprisonment for first-degree robbery, to run consecutively with one to five years of imprisonment for conspiracy. The petitioner filed a direct appeal, alleging insufficient evidence and that certain prospective jurors should have been stricken for cause. This Court affirmed the petitioner's convictions in *State v. Miller*, No. 19-0956, 2021 WL 365230 (W. Va. Feb. 2, 2021) (memorandum decision).

---

[1] The petitioner is self-represented. The State appears by Attorney General John B. McCuskey and Assistant Attorney General William Longwell. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. After the filing of the petition, the petitioner was moved to Huttonsville Correctional Center, and the Court has made the necessary substitution of parties under Rule 41 of the West Virginia Rules of Appellate Procedure.

In March 2021, the petitioner filed a petition for post-conviction habeas corpus in the circuit court, but the court dismissed this petition for failure to state a claim. In August 2021, the petitioner filed a notice of appeal with this Court in *Miller v. Ames*, No. 21-0612, but he failed to perfect his appeal, and the Court dismissed it in March 2022. The petitioner filed another petition for habeas corpus with this Court in August 2021 in *Miller v. Ames*, No. 21-0611, and the Court refused this petition in August 2022.

In June 2022, the petitioner filed another petition for habeas corpus in circuit court, which gives rise to this appeal. This petition which alleged eight grounds for relief: actual innocence, defective jury instructions, defective indictment, double jeopardy, ineffective assistance of trial and appellate counsel, failure to disclose exculpatory evidence, and his sentence for first-degree robbery violated the prohibition against cruel and unusual punishment. In January 2023, the circuit court denied this petition without a hearing and denied the petitioner's motion for appointment of counsel.

In its order, the circuit court ruled that the petitioner's actual innocence claim was barred by the doctrine of res judicata because it reiterated the argument that he made on direct appeal that there was insufficient evidence to support his convictions. The circuit court also denied the petitioner's claim of a defective jury instruction regarding felony murder because he did not timely object to this instruction at trial.[2]

The petitioner claimed that the murder charge in the indictment was defective because it "included each and every category within the murder statute as well as accessory and Felony Murder in one count[,]" and this influenced the jury to convict him of first-degree robbery and conspiracy. The circuit court rejected this claim because the jury acquitted the petitioner of murder, and he failed to demonstrate how "the conjunctive allegations" in the murder charge caused the jury to convict him of first-degree robbery and conspiracy.

The petitioner based his claim of ineffective assistance of trial counsel upon his contentions that counsel failed to secure a beneficial plea offer and should have challenged the murder charge in the indictment because it included different theories of liability for first-degree murder, including felony murder. The court denied this claim, finding that the petitioner failed to demonstrate that trial counsel's performance was deficient under an objective standard of reasonableness. The petitioner based his claim of ineffective assistance of appellate counsel upon his assertion that counsel should have argued the jury instruction regarding felony murder violated double jeopardy because it permitted the jury to find him guilty of both felony murder and the underlying felony, first-degree robbery. The circuit court denied this claim because the verdict form did not give the jury an option to convict the petitioner of felony murder, and, in any event, the jury ultimately acquitted the petitioner of murder, which defeated his claim of a double jeopardy violation.

---

[2] The court additionally stated that an "invalid verdict form" was submitted to the jury because it "incorrectly listed first-degree murder and its lesser-included offenses as possible verdicts" and did not "contain an option for the jury to find guilty or acquit the petitioner of felony-murder[,]" but the petitioner did not timely object to the verdict form either.

2

The petitioner also argued that his fifty-year sentence of imprisonment for first-degree robbery was cruel and unusual punishment because the first-degree robbery statute, West Virginia Code § 61-2-12(a)(1), only permitted the court to sentence him to ten years of imprisonment. The court denied this claim, ruling that this statute permits "open-ended sentencing"; ten years of imprisonment is the statutory minimum for first-degree robbery; and this Court has previously ruled that the sentencing scheme for first-degree robbery does not constitute cruel and unusual punishment.

Finally, the petitioner complained that the State suppressed a report from the West Virginia State Police Crime Laboratory dated October 19, 2018, which he characterized as exculpatory because it did not implicate him in the murder with which he was charged. The circuit court denied this claim because the State disclosed this report to the petitioner during pretrial discovery; the jury acquitted the petitioner of murder; and the petitioner failed to demonstrate how this report would have materially changed the jury's deliberations regarding first-degree robbery and conspiracy. The petitioner appeals from the circuit court's order denying his petition for habeas corpus.

When this Court reviews a circuit court's final order in a habeas action, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV